UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                                        ORDER

           - against -

                                      CR 2002-1268 (MDG)

GREGORY RAVITSKY,

                Defendant.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Defendant Gregory Ravitsky moves to seal his criminal record resulting from his conviction. The government does not oppose his application.

## BACKGROUND

    Defendant filed the instant motion, dated November 3, 2005, to seal the criminal record in this case (to be docketed herewith). After the government initially objected to defendant's application (ct. doc. 12), defendant supplemented his moving papers (ct. doc. 14). The government no longer opposes his application. See ct. doc. 13.

    As reflected on the docket sheet, on December 11, 2002, defendant pled guilty to a charge in an information for knowingly and intentionally accessing a computer without authorization pursuant to 18 U.S.C. § 1030(a)(2)(C). See ct. doc. 2. A judgment of conviction was subsequently entered by the Court on March 4, 2003, in which the defendant was placed on probation for two years, with special conditions. See ct. doc. 7. On

September 22, 2003, I signed an order issuing a summons for the defendant due to his violation of the conditions of his probation. See ct. doc. 8. On October 22, 2003, I modified the conditions of defendant's supervised release on consent. See ct. docs. 10, 11.

At the time of sentencing, defendant's counsel noted that although his client waived his rights under the Federal Juvenile Delinquency Act ("JDA"), 18 U.S.C. § 5031, et seq., counsel for the government had indicated he would not oppose sealing the records. See Affirmation of J. Roberto Cardenas submitted November 3, 2005 at ¶ 3 ("11/3/05 Cardenas Aff."); Affirmation of J. Roberto Cardenas submitted February 9, 2006 at ¶¶ 3, 6-7 ("2/9/06 Cardenas Aff."). However, as the sentencing minutes reflect, although Assistant U.S. Attorney Noah Perlman agreed that the government would not oppose a future application by the defendant to seal his record if he successfully completed his period of probation, he was not aware of any legal basis to justify such relief. Transcript of Sentencing dated March 16, 2003 ("Sent. Tr.") at 5. On February 28, 2005, defendant completed probation and was discharged from any further supervision. See 2/9/06 Cardenas Aff. at ¶ 8, Exh. A.

## DISCUSSION

Defendant argues that he "bargained for and obtained the consent of the government in reference to sealing the defendant's record precisely to promote the goals sought by the" Juvenile Delinquency Act, 18 U.S.C. § 5038(a). 2/9/06 Cardenas Aff. at

¶ 6. However, during his plea allocution, defendant acknowledged that he did not rely on any promises not reflected in the plea agreement. Transcript of December 11, 2002 proceedings at 13. Likewise, at sentencing, although AUSA Perlman confirmed defense counsel's statement that the government would not object to an application to seal the file if there were a basis to do so, he observed that "I just find no basis for it." Sent. Tr. at 5. Absent an enforceable agreement approved by the Court, this Court addresses whether there is presently any legal basis to grant the relief requested.

The court has the inherent equitable power to order the sealing of criminal records. See United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); United States v. Doe, No. 71 CR. 892, 2004 WL 1124687, at *2 (S.D.N.Y. May 20, 2004); United States v. Doe, 935 F. Supp. 478, 480 (S.D.N.Y. 1996). This power "lies within the equitable discretion of the court" and is only exercised in "extreme circumstances." Schnitzer, 567 F.2d at 539; Doe, 2004 WL 1124687, at *2; Doe, 935 F. Supp. at 480. In exercising this discretion, the court must balance "the government's need to maintain arrest records . . . against the harm that the maintenance of arrest records can cause citizens." Schnitzer, 567 F.2d at 539; Doe, 2004 WL 1124687, at *2; Doe, 935 F. Supp. at 480.

Courts have found extreme circumstances warranting sealing only in rare cases "where some impropriety attends the government's actions." In re Farkas, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) (Fourth Amendment challenge to arrest as

justification for expungement). Thus, "expungement has generally been reserved for cases in which an arrest was unconstitutional, an arrest was made for the purpose of harassment (such as in the case of civil rights workers), a determination of probable cause is impossible because arrests were made en masse, or the records have been misused by the government." United States v. McFadzean, No. 93 CR. 25, 1999 WL 993641, at *2 (S.D.N.Y. Nov. 2, 1999); see also United States v. Morelli, No. 91 CRIM. 639, 1999 WL 459784, at *2 (S.D.N.Y. June 30, 1999) (expungement "limited to cases involving a charge that was later determined to be meritless or that was never adjudicated, or where there is proof of government misconduct, or where the law is declared invalid"); United States v. Doe, 36 F. Supp. 2d 143 (S.D.N.Y. 1999) (rejecting request by defendant convicted 20 years earlier under Youth Corrections Act to expunge record of conviction that "was valid when entered").

Courts have particularly frowned upon motions to expunge where the movant does not even challenge the legality or validity of the conviction for which expunction of records is sought. See United States v. Noonan, 906 F.2d 952, 957 (3d Cir. 1990) (despite Presidential pardon, court refused to expunge records where defendant did not challenge conviction itself). "Courts have consistently held that the negative impact of arrest records on employment is insufficient to equal the 'extreme circumstances' needed to merit expungement." See Doe v. Immigration and Customs Enforcement, No. M-54, 2004 WL 1469464, at *5 (S.D.N.Y. June 29, 2004); see Schnitzer, 567 F.2d at 540

(holding that a rabbinacal student having to explain his arrest did not justify expungement of the record); <u>United States v. Lau</u>, No. MAG. DKT 94-1682, 2003 WL 22698810, at *3 (S.D.N.Y. Nov. 14, 2003); <u>United States v. James</u>, No. 97 CR 715, 2003 WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003) (expungement must be denied where only harm alleged is to petitioner's professional reputation); <u>Slansky v. White</u>, No. 96 Civ. 2338, 1996 WL 312401 (S.D.N.Y. June 10, 1996) (holding harm to potential employment opportunities insufficient to expunge).

Here, defendant has not articulated the "urgent circumstances" required for sealing his criminal record.  See <u>Holmes v. United States</u>, No. MC 1999-0106, 2005 WL 1320149, at *2 (E.D.N.Y. June 2, 2005) (denying motion to expunge and seal criminal record).  Defendant does not challenge the circumstances of his conviction nor does he allege that the government has misused his record.  Instead, defense counsel only generally claims that his client has been rehabilitated and views his record as an obstacle to his continued education and employment.  As noted above, the generalized fear of a potential adverse effect on future employment is an insufficient justification for sealing.  More importantly, this Court has no basis to believe that defendant has truly been rehabilitated at this time.  Notwithstanding counsel's claim that his client successfully completed probation, the letter of his probation officer merely states that defendant "completed his term of probation."  Significantly, defendant did not even complete his probationary period without incident.  Less than four months following

imposition of sentence, defendant admittedly violated one of the conditions of probation, which resulted in closer monitoring for a period of time.  Other than counsel's claim of defendant's remorse, defendant has not provided any evidence whatsoever that he has been rehabilitated in the three years since his conviction.  Thus, the Court does not find any "urgent circumstances" to justify sealing defendant's criminal record at this time.

## CONCLUSION

For the foregoing reasons, the defendant's motion to seal his criminal record is denied without prejudice to an application at a later time.

**SO ORDERED.**

Dated:     Brooklyn, New York
           May 23, 2006

_/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
